# PROVIDENCE COUNTY.

GEORGE B. CAMPBELL *vs.* HENRY W. CHACE.

Gen. Stat. R. I. cap. 203, § 36, makes the husband or wife of either party to a civil cause a competent witness: *Provided,* that neither shall be permitted . . . . "to disclose any communication made to him or her by the other during their marriage."

*Held,* that this proviso covers all communications between husband and wife, whether made in the presence of third parties or in private confidence.

DEFENDANT'S petition for a new trial.

*April* 12, 1879. DURFEE, C. J. This is an action to recover for the board, &c., of the defendant's wife. On the trial to the jury the wife was called as a witness for the plaintiff, and was permitted by the court to testify to a conversation which took place between her and her husband, in the presence of the defendant's mother and others, when they were breaking up housekeeping. The witness was asked: " What did your husband say to you at the time of his breaking up housekeeping? " She replied: " He told me to go home to my father." The witness's father is the plaintiff. The testimony was admitted against the objection of the defendant, who contended that it was violative of Gen. Stat. R. I. cap. 203, § 36, which is as follows:

" In the trial of every civil cause, except a petition for divorce, the husband and wife of either party shall be deemed competent witnesses: *Provided,* that neither shall be permitted to give any testimony tending to criminate the other, or to disclose any communication made to him or her, by the other, during their marriage."

A verdict having been rendered for the plaintiff, the defendant now petitions for a new trial for error in the admission of the testimony.

The plaintiff contends that the statute protects only confidential communications, and, therefore, does not extend to communications which are made in the presence of others, or which have nothing confidential in their character. The view is plausible, and the case at bar is well suited to give force to it. But, of course, we cannot construe the statute by the light of an isolated case.

The relation of husband and wife is the most intimate of human relations. It is the policy of the law to encourage, protect, and perpetuate this intimacy. The law, therefore, provides that neither the husband nor the wife, as a witness in any cause to which the other is a party, shall be permitted to criminate the other, or to disclose any communication made to him or her by the other. The word " communication " is used broadly without qualification. The question is, whether it shall be qualified by construction, or whether the policy of the law does not demand for it the broadest interpretation. It is urged that the privilege cannot extend to a communication made in the presence of others, because such a communication is *disclosed* in the making. We think this is drawing too large an inference. It cannot be supposed, for instance, that a communication between husband and wife in the presence of their children was not intended to be privileged. And there are many communications, highly delicate and confidential, which could be safely made in the presence of others, because they could be couched in language which would disclose nothing to others, or because the others being utter strangers, their presence might be ignored. And if it be said that the privilege extends only to communications which are confidential in their character, then who shall judge of their character? To enable the court to judge, the communication must be disclosed to the court, and so the mischief intended to be guarded against will be committed in the process of ascertaining whether it is entitled to be guarded against.

We think the privilege will be seriously imperilled unless it is kept absolutely inviolate. And we therefore think the testimony to which the defendant objected, whatever his real mo-

tive may have been in making the objection, should have been excluded.                                        *Petition granted.*

*Abraham Payne* and *Slocum & Allen*, for plaintiff.

*Pardon E. Tillinghast*, for defendant.